UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20 CR 258 SEP |
| | ) |
| CHRISTOPHER PERRY SCHULTE, JR, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant CHRISTOPHER PERRY SCHULTE, JR., represented by defense counsel Mark Hammer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

The defendant voluntary pleas of guilty to Counts I and II of the charge

The parties have not reached an agreement as to the U. S. Sentencing Guidelines Total Offense Level. Nevertheless, the parties have agreed that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).

1

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to the Samsung SM-G965U cellular telephone. Additionally, the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to a Samsung SM-G965U cellular telephone. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography, which he admits to knowingly committing and for which he admits there is a factual basis, are: (1) defendant knowingly used the internet and his Samsung cell phone to access Dropbox, (2) with the intent to knowingly view images and videos of child pornography and did view images and videos of child pornography, (3) which images and videos depicted minors engaging in sexually explicit conduct, and (4) defendant accessed and possessed the images using his Samsung cell phone

(which cell phone had traveled in interstate commerce), and the internet (which is a means and facility of interstate commerce and foreign commerce).

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the events described in this section Lori Schulte was married to defendant. She has two daughters: "Minor Victim," who was born in 2008; and "Adult Victim," who was born in 2000. During the events described herein, defendant was the step-father of "Minor Victim," and "Minor Victim" was in the custody, care, or supervisory control of the defendant.

In early September 2019, Ms. Schulte was at her residence, which is located in the Eastern District of Missouri. She went into the bathroom and saw defendant's shorts propped up in an odd manner. As she looked closer at defendant's shorts, she saw defendant's cell phone protruding from the pocket. The only part of the cell phone that was protruding was the camera. She examined defendant's cell phone and saw that it was actively video recording. She confronted defendant about the cell phone. Defendant said he was trying a new application and left it on to record himself playing video games.

Ms. Schulte said over the next couple of weeks she looked at the Google history on defendant's phone and noticed that he had been chatting on the Kik application. She also saw that defendant had been viewing videos, including one that appeared to show Russian girls tickling each other. On September 18, 2019, she confronted defendant about what she found on his phone. He then confessed to recording "Minor Victim" a few times in the bathroom. He said

3

he saw things on Kik and got curious. At the time he recorded her, "Minor Victim" was eleven years' old.

On September 19, 2019, Ms. Schulte contacted the police. Det. Andrew Lucca, who is a member of St. Louis County Police Department's Special Investigations Unit was assigned the case. She informed Det. Lucca about what had happened. While Det. Lucca was present, she called defendant on the phone and Det. Lucca recorded the conversation. During the conversation, defendant again admitted video recording "Minor Victim" in the bathroom, but said he was just randomly recording. He also admitted to recording "Adult Victim" in the bathroom, but said that was a long time ago. He said at that time he broke his phone. He said he was on Kik and people would send stupid, nasty, underage stuff and he would slowly look at it. He denied distributing the videos to anyone.

Det. Jared Queen located defendant at his place of employment. Defendant agreed to accompany Det. Queen to the police department to be interviewed. Once there, Det. Lucca informed defendant of his *Miranda* rights. Defendant admitted that he downloaded a video recording app to his cell phone. Defendant initially said he setup the phone in the bathroom to record his wife. He admitted that he had been recording people for about a year and a half.

He said that he initially started viewing Kik and received child pornography from other users. Some of the videos he received were hidden cameras recording adults and children showering. Those videos got him interested in secretly recording people in the bathroom.

He admitted setting up his camera in the bathroom to record "Minor Victim" and "Adult Victim." He admitted that their vaginas could be seen in the videos. He said he recorded the videos of "Minor Victim" and the videos of "Adult Victim" to masturbate to them later. Once he

4

did, he deleted the videos and later made new videos so he could masturbate to them. The videos of "Minor Victim" were made on defendant's Samsung SM-G965U cell phone.

With defendant's consent, Det. Lucca examined the contents of defendant's phone. He observed several links to Dropbox that defendant had frequently viewed. Det. Lucca seized defendant's cell phone.

Defendant's Samsung SM-G965U cell phone was transferred to the FBI to be forensically analyzed. The forensic examination revealed that the phone was produced outside of the United States and, therefore, traveled in interstate and foreign commerce. The examiner located apps on the phone including the following video recording apps:

- Quick Video Recorder - Background Video Recorder version 1.3.1.9
    - Identifier: com.kimcy929.secretvideorecorder
    - Purchase date: 2/28/2019 9:00:02 PM(UTC-6)

- Background Video Recorder - version 1.1
    - Identifier: studio.love.in.fall.backgroundvideorecorder
    - Purchase date: 6/28/2019 10:53:26 PM(UTC-5)

- Background Video Recorder - Version 4.4
    - Identifier: com.camera.secretvideorecorder
    - Purchase date: 7/18/2019 1:25:27 AM(UTC-5)

The examiner also located a video on the cell phone that was created by defendant. The video depicts defendant setting up the cell phone to video record in the bathroom. The video shows defendant leaving the bathroom and his wife later entering the bathroom and discovering the cell phone.

The examiner located various accounts on the phone including the Kik account that Det. Lucca reinstalled on defendant's phone with the defendant's permission. The examiner located

messages including part of a chat string with the chat identifier "13+F for 35+M," in which one user told another that he or she is "looking for yung . . . 13-16 . . . or yunger idk."

The examiner located web sites that were visited while using the phone such as:

- "Dropbox - young - Simplify your life," which was visited on September 10th and 12th of 2019;
- "Dropbox - 145 videos copied on January 20, 2016 - Simplify your life," which was visited on August 21, 2019; and
- "Dropbox - jb - Simplify your life," which was visited on September 13, 2019.

SA Marx of the FBI reviewed the contents of the defendant's cell phone and conducted his own investigation. Based upon his findings and investigation, SA Marx applied for and received a valid federal search warrant for Dropbox on November 19, 2019. The warrant was for the Dropbox links that defendant visited. On December 20, 2019, SA Marx received the results from Dropbox. According to the search warrant results, the Dropbox links contained 1,312 images and 614 videos of child pornography. The Dropbox links that defendant accessed contained the following, as well as other, files of child pornography:

a. "Girl 9yo undressing," a graphic video file that depicts, in part, an approximately 7-10 year old naked female getting into the shower;

b. "MyWebGirls_381," a graphic video files that depicts, in part, two 10-12 year naked females, one in a lascivious display of her genitals, engaged in mutual masturbation;

c. "Antonia 14," a series of graphic image files that depict, in part, a 14-16 year old minor female in a lascivious display of genitals;

    d. "French 11y chubby and dad," a graphic video file that depicts, in apart, a 10-12 year old female engaged in sexual intercourse with a male; and

    e. "IMG 0899," a graphic video file that depicts, in part, a 11-13 year old female removing her clothes in the bathroom, and the camera focusing in on her vagina.

**Summary**

As to Count I, and as the defendant now admits, between on or about February 24, 2019, and on or about September 19, 2019, the defendant knowingly video recorded 11-year-old "Minor Victim" in a lascivious display of her genitals, for the purpose of producing a visual depiction of her in a lascivious display of her genitals, and the visual depiction was produced using a Samsung cell phone that had been transported in interstate and foreign commerce.

As to Count II, in summary, and as the defendant now admits, between on or about February 24, 2019, and on or about September 19, 2019, the defendant knowingly used the internet to access Dropbox, with the intent to view images of child pornography, and did use his Samsung cell phone to possess and view images of child pornography. The child pornography viewed and possessed by defendant depicted minors engaging in sexually explicit conduct. The Samsung cell phone the defendant used to view and possess the child pornography had traveled in interstate commerce. The internet is a means and facility of interstate commerce and foreign. Some of the videos and images depicted prepubescent minor children engaged in sexually explicit conduct, and some portrayed children involved in sadistic or masochistic conduct, or other acts of violence. Defendant viewed more than 600 images of child pornography, where each video is considered to be the equivalent of 75 images.

7

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years for each count, a fine of not more than $250,000 for each count, or both such imprisonment and fine. The Court must also impose a period of supervised release of ^(up to) life and not less than five years. *[oral consent provided by parties on the record, 9/9/21 SEP]* **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Accessing with the Intent to View Child Pornography, is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than **life** years and not less than five years.

The defendant understands that the Court impose concurrent sentences (sentences that run at the same time) or consecutive sentences (sentences that run one after the other).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

    (1)    $17,000.00 if convicted of 18 U.S.C. § 2252A(a)(5), regarding accessing with intent to view, child pornography; and

    (2)    $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) (production of child pornography).

6. <u>**U. S. SENTENCING GUIDELINES: 2018 MANUAL:**</u>

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. <u>The Government contends and the defendant disputes</u> that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

(1) **Production of Child Pornography for Count I:**

(a) **Base Offense Level**: The Government contends that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

(b) **Chapter 2 Specific Offense Characteristics**: The Government contends that the following Specific Offense Characteristics apply:

(i) four (4) levels should be added pursuant to Section 2G2.1(b)(1)(A), because the offense involved a minor who had "not attained the age of twelve years;"

(ii) two (2) levels should be added pursuant to Section 2G2.1(b)(5), because "the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or . . . the minor was otherwise in the custody, care, or supervisory control of the defendant."

(2) **Access with Intent to View Child Pornography for Count II:**

(a) **Base Offense Level**: The Government contends that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1).

(b) **Chapter 2 Specific Offense Characteristics**: The Government contends that the following Specific Offense Characteristics apply:

9

 (i) two (2) levels should be added pursuant to Section 2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

 (ii) four (4) levels should be added pursuant to Section 2G2.2(b)(4), because the offense involved material that portrays "sadistic or masochistic conduct or other depictions of violence;"

 (iii) five (5) levels should be added pursuant to 2G2.2(b)(5), because "the defendant engaged I a pattern of activity involving the sexual abuse or exploitation of a minor;"

 (iv) two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service . . . for accessing with intent to view the material;

 (v) five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

(3) **Chapter 3 Adjustments**: The Government contends that the following adjustments, other than acceptance of responsibility, apply:

(a) The offense level is thirty-eight (38) for Count I.

(b) The offense level is thirty-six (36) for Count II.

(c) Pursuant to Section 3D1.2(d), the counts do not Group.

10

(d) Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), as to Count I, one (1) unit should be added because the offense level in Count I constitutes the highest offense level.

(e) As to Count II, pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added because the offense level is equally as serious as the offense in Count I, or from 1 to 4 levels less serious.

(f) Pursuant to Section 3D1.4 (Determining the Combined Offense Level), two (2) levels should be added because the total number of units is 2. This places the offense level, after application of Section 3D1.4, at forty (40).

c. **Repeat and Dangerous Sex Offender Against Minors:** The Government contends that five (5) levels should be added pursuant to Section 4B1.5(b)(a) because "defendant's instant offense of conviction is a covered crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct. . . ."

First, defendant's instant offense of conviction (Production of Child Pornography) is a covered crime because it was perpetrated against a minor under Chapter 110 of title 18, United States Code.

Second, defendant engaged in a "pattern of sexual activity involving prohibited sexual conduct" because "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."

11

Therefore, the offense level, after the application of Section 4B1.5(b)(1), at forty-five (45).

d. **Other Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility**: The Government contends that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The Government contends that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

e. **Estimated Total Offense Level**: The Government estimates that the Total Offense Level is forty-two (42).

**The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

7. **APPEAL AND POST-CONVICTION RIGHTS:**

   a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   b. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant understands that he must truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

  e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

  g. **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the Samsung SM-G965U cell phone. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given

adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

7-20-2021
Date

ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

20 July 2021
Date

CHRISTOPHER PERRY SCHULTE, JR.
Defendant

20 July 2021
Date

MARK HAMMER   6542MO
Attorney for Defendant

19